**Edward R. JOHNSON,
Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC
SAFETY, Respondent.**

No. C2–85–522

Court of Appeals of Minnesota.

Oct. 15, 1985.

Jerrold M. Hartke, Hartke & Montpetit, South St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by LANSING, P.J. and RANDALL and CRIPPEN, JJ.

## OPINION

LANSING, Judge.

Edward Johnson appeals from an order of the trial court sustaining the revocation of his driver's license after a blood test showed he was driving under the influence of alcohol. At the implied consent hearing the date of the arrest was disputed, and the trial court found that the arrest occurred on May 29, 1984 rather than on May 28, the date alleged by the arresting officer. Johnson contends the officer's mistake in the date requires reversal and reinstatement of his license. We affirm.

## FACTS

In May 1984 Edward Johnson was arrested for driving under the influence and was given a blood test at a nearby hospital, which when analyzed showed his blood alcohol content to be .16%. Johnson's driver's license was revoked under Minn.Stat. § 169.123, subd. 4 (1984).

Johnson petitioned for judicial review of the revocation, contending the arresting officer lacked probable cause, he had not been advised of his rights, the arrest was unlawful, the test was invalid, and the revocation statute violated his rights to due process and equal protection of the laws. At the hearing the arresting officer testified that he was on duty May 28, 1984 and that the arrest took place at 12:45 a.m. that day. The implied consent advisory form was also dated May 28, 1984. Johnson's attorney did not question the officer about the date of the arrest. Instead, after the officer had been excused, Johnson testified that he had actually been arrested on May 29, because the arrest took place after midnight.

The trial court found that the arrest was legal, the implied consent advisory was properly given, and the test was properly performed. The court took "judicial notice" that the arresting officer erred in dating the advisory and sustained the revocation. Johnson appeals.

## ISSUE

1. Did the trial court properly sustain the revocation of appellant's driver's license despite the officer's mistake about the date of arrest?

2. Did the trial court err in failing to rule on whether appellant was improperly denied a second blood test?

## ANALYSIS

### I

Johnson contends that the trial court improperly took judicial notice of the officer's mistake about the date of arrest. The Commissioner argues that the trial court should not have considered the issue at all because it was not raised in the petition for judicial review. *See, e.g., Palbicki v. Commissioner of Public Safety*, 347 N.W.2d 512 (Minn.Ct.App.1984); Minn.Stat. § 169.-123, subd. 5c ("the petition shall state with specificity the grounds upon which the petitioner seeks rescission of the order of revocation").

■ Although the arrest date may in some cases be critical, we conclude that in this case the mistake about the date is not determinative. There was no dispute about the identity of the driver. Johnson admitted to drinking six brandies in a period of six and one-half hours the evening of the 28th and testified in detail about the circumstances surrounding his arrest in the early morning hours of the 29th. The trial court's conclusion that the officer erred in dating the implied consent advisory is essentially a permissible finding of fact that the arrest actually occurred on May 29; it was not necessary to take "judicial notice" of the error. The record is sufficient to support the trial court's decision to sustain the revocation of Johnson's license.

■ The Commissioner's argument that this issue is foreclosed because it was not raised in the petition for judicial review is unsound. A testimonial disparity over the proper date is not a separate ground that must be stated with specificity.

### II

■ Johnson also testified that he requested a second blood test at the hospital, but that the officer refused to allow it. The officer denied that Johnson requested a second test. Johnson contends the trial court erred in failing to make a finding on whether he requested a second test.

Minn.Stat. § 169.123, subd. 3, provides: The person tested has the right to have a person of his own choosing administer a chemical test or tests in addition to any administered at the direction of a peace officer; provided, that the additional test sample * * * is obtained at the place where the person is in custody, after the test administered at the direction of a peace officer, and at no expense to the state. The failure or inability to obtain an additional test or tests by a person shall not preclude the admission in evidence of the test taken at the direction of a peace officer unless the additional test was prevented or denied by the peace officer.

Johnson did not squarely present the second-test issue to the trial court. He did not raise it in the petition for judicial review and the record contains only two references to Johnson's alleged request for a second test during the course of a day-long hearing. Furthermore, Johnson's attorney did not object to the admissibility or foundation for the first test. Neither the Commissioner nor the trial court had any reason to address the issue, which should have been raised in the petition for judicial review.

## DECISION

We affirm the trial court's order sustaining the revocation of Johnson's driver's license.

Affirmed.